UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALISHA S.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C18-5814 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ harmfully erred at step two in failing to find migraine headaches, anxiety, and depression are severe impairments, and by failing to account for limitations caused by these conditions in determining her RFC and ability to perform past relevant work. Dkt. 10. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

At step two plaintiff must show she has a medically determinable impairment, and that these impairments are severe. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). The ALJ found plaintiff's migraine headaches and "mental impairments" are medically determinable but non-severe. Tr. 71.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 1

### A. Migraine Headaches

The ALJ found migraine headache is non-severe on the grounds the condition either did not last for 12 continuous months or did not cause no more than mild limitations. *Id.* The record establishes plaintiff was diagnosed with migraine headaches and they have persisted for more than 12 months. *See e.g.* Tr. 168, 442, 553, 824-25, 842. The Commissioner does not argue otherwise. Rather the Commissioner argues the Court should affirm because there is evidence in the record establishing plaintiff can perform gainful work notwithstanding her migraine headaches. Dkt. 11. The Commissioner also argues the ALJ properly rejected plaintiff's migraine headache testimony because there is no independent medical evidence confirming her claims, plaintiff responded well to treatment, a several doctors opined they did not think the migraines were disabling and the ALJ found plaintiff not credible. *Id.* at 3-4.

These contentions are impermissible post-hoc arguments. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995). Here the ALJ discussed plaintiff's other conditions and symptoms including her wrist pain, but failed to discuss the evidence regarding her migraine headaches.

Similarly, while the ALJ provided reasons to reject plaintiff's testimony about her arm pain and her mental health problems, the ALJ neither discussed plaintiff's testimony about her migraine headaches nor provided reasons to discount it. The Commissioner implies the ALJ found plaintiff's "testimony is not credible" and the finding applies to plaintiff's testimony about migraines. Dkt. 11 at 4. Such an implication is inconsistent with the Agency's own rulings. The ALJ was required to apply SSR 16–3p, and in fact noted this in the decision. Tr. 74. The SSR

directs that ALJs "will not asses an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation" because the weight ALJs give symptom testimony does not turns on whether the claimant "is a truthful person." SSR 16–3p, 2016 WL 1119029, at *10. Rather, ALJs "must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments." *Id*. Hence a general credibility determination is not a valid basis to reject the entirety of a claimant's symptom testimony. The ALJ was required to discuss migraine headaches but failed to do so and accordingly erred.

The ALJ's errors in failing to address plaintiff's migraine headaches error is harmful because in assessing plaintiff's RFC, the ALJ must assess all relevant evidence, including medical reports and witnesses' descriptions of limitation, to determine what capacity the claimant has for work. *See* 20 C.F.R. § 416.945(a). As this did not occur, the ALJ's RFC determination fails to account for all limitations.

### B. Anxiety and Depression

Plaintiff contends the ALJ erred in failing to find depression and anxiety are severe impairments. She contends the opinions of Drs. Jonathan D. Allison, Psy.D., and Mary Lemberg, M.D., show these mental conditions cause limitations not accounted for in the RFC determination. Dkt. 10. The ALJ considered the doctors' opinions, gave them some weight, but concluded plaintiff's mental health conditions cause no more than mild limitations. Tr. 72-73. As grounds, the ALJ found plaintiff attended only two counseling sessions in college, "in 2013 and 2017, with no mental health treatment in between." Tr. 73. The ALJ also noted plaintiff told the examining doctors "her mental health conditions were not a barrier to work." *Id.* Plaintiff does not present anything showing the ALJ's findings are not supported by substantial evidence or are

legally erroneous. Because the ALJ may properly discount a physician's opinion that is inconsistent with the record and not supported by objective evidence, the Court affirms the ALJ's determination. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999).

Plaintiff also argues the new medical evidence she submitted to the Appeals Council undermines the ALJ's decision. *See* Tr. 13-64. The new evidence are records regarding plaintiff's anxiety and PTSD after witnessing a robbery; the evidence also indicates plaintiff started counseling in January 2018. The new records appear to address new mental health problems. When Drs. Lemberg and Allison evaluated plaintiff in 2016, and 2014 respectively, plaintiff did not report she was traumatized by witnessing a robbery, and the doctors did not diagnose her with PTSD. There is no evidence that plaintiff suffered from PTSD during the relevant period, and as such, the new evidence does not undermine the ALJ's determination. The Court accordingly affirms the ALJ's assessment as to depression and anxiety.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall assess the impact migraine headaches, develop the record and reassess plaintiff's RFC as needed and proceed to steps four and five as appropriate.

DATED this 21st day of March 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge